IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANGELA SUTTON
    Plaintiff,

vs.                                                        CASE NO.:

SPICES FROM THE
CARIBBEAN, INC., a Domestic
Profit Corporation
    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angela Sutton, by and through the undersigned attorney, sues the Defendant, Spices From the Caribbean, Inc., a Domestic Profit Corporation and alleges:

1. Plaintiff, Angela Sutton, was an employee of Defendant, Spices From the Caribbean, Inc., and brings this action for unpaid overtime compensation, minimum wages, declaratory relief, unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an unpaid employee working as a Bartender at Defendant's property within the last three years for Defendant in Muscogee County, Georgia.

3. Defendant, Spices From the Caribbean, Inc., is a Domestic Profit Corporation that operates and conducts business in, among others, Muscogee County, Georgia and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. At all times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

7. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant.

8. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because it did not provide any compensation whatsoever to Plaintiff.

9. Plaintiff performed services for Defendant for which no provisions

were made by Defendant to properly pay Plaintiff for those hours in excess of forty (40) within a work week, to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week, and to ensure that Plaintiff was paid her complete wages.

10. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, was not paid a minimum wage for each hour worked within a work week, and was not paid her complete wages.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13. Plaintiff was entitled to be paid for hours worked for Spices From the Caribbean, Inc., including time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week. During her employment with Defendant, Plaintiff worked regular and overtime hours but received no compensation from Defendant.

14. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff straight time for hours under 40 in a week, and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

15. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Angela Sutton, demand judgment against Defendant for the payment of all hours worked and any overtime. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant. Plaintiff demands overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18. Plaintiff was entitled to be paid minimum wage for each hour worked during employment with Defendant.

19. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused to compensate her for same.  As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

20. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

21. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for all unpaid wages, compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 10th day of August, 2016.

                                                Respectfully submitted,

**/s/ Adian R. Miller, Esq.**
Adian R. Miller, Esquire
GABN 794647
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email: ARMiller@forthepeople.com
*Attorneys for Plaintiff*